IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anita Rios, *et al.*,

      Plaintiffs,

    v.                         Case No. 3:04CV7724

J. Kenneth Blackwell,              Chief Judge Carr

      Defendant.


Delaware County Prosecuting Attorney, *et al.*,

      Plaintiffs,

    v.                         Case No. 3:05CV7286

National Voting Rights Institute, *et al.*,    Chief Judge Carr

      Defendants.


      This is a voting rights case. Plaintiffs sought prospective injunctive relief to guarantee access to Ohio's recount procedures in future elections.

      Jurisdiction exists under 28 U.S.C. §§ 1331, 1332.

      Pending is plaintiffs' motion to alter or amend this court's Order and Judgment of February 7, 2006, under Fed. R. Civ. P. 59(e). For the following reasons, that motion will be denied.

**Background**

      After the November, 2004, election, plaintiff Michael Badnarik, the Libertarian candidate for President, applied for a recount under Ohio Revised Code §§ 3515.01, 3515.07. He claims he never received what he was entitled to because defendant Secretary of State J. Kenneth Blackwell violated federally authorized state law by delaying any recount to render it meaningless.

Ohio law provides for a recount in two situations.  First, if the winning candidate's margin of victory is less than .25%, the state must automatically recount the votes. O.R.C. § 3515.011. Second, any candidate is entitled to request a recount so long as he or she posts the statutorily mandated fee. O.R.C. §§ 3515.01, 3515.07. Any recount must begin no sooner than eleven days and no later than fifteen days after the voting. O.R.C. § 3505.32.

Ohio has also recently amended its election laws to provide, "[a]s required by 3 U.S.C. [§] 5 any recount of votes conducted under this chapter for the election of presidential electors shall be completed not later than six days before the time fixed under federal law for the meeting of those presidential electors." O.R.C. § 3515.041.[1]

Ohio imposes this time restriction because of the strictures of federal voting procedures. Federal law mandates that all states must certify their final tallies six days before the electoral college votes in Washington, D.C. 3 U.S.C. § 5. This safe harbor provision prevents endless litigation over election results.

In 2004, Secretary Blackwell issued Directive 2004-58. Plaintiffs allege this directive rendered meaningless any recount by ensuring that recount results would postdate the federally mandated safe harbor. Secretary Blackwell limited the terms of directive 2004-58 to the 2004 election.

On February 7, 2006, I entered an order granting defendants' motion to dismiss. The order held that because Directive 2004-58 had no force beyond the 2004 election, there was no ongoing violation and, consequently, plaintiffs' suit did not fall within the *Ex Parte Young* exception. 209 U.S. 123, 159-60 (1908).

Now, plaintiffs guide my attention to Directive 2005-32, which Secretary Blackwell issued

---

[1] This provision will become law May 1, 2006.

to govern recounts for the 2005 election. They contend this Directive confirms that the alleged violations outlined in their complaint are ongoing.[2]

## Discussion

A court may alter or amend a judgment, under Fed. R. Civ. P. 59(e): 1) if there is a clear error of law; 2) if there is newly discovered evidence; 3) if there is an intervening change in controlling law; or 4) to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Here, plaintiffs contend Directive 2005-32 is new evidence, previously unavailable, demonstrating defendants' alleged violation is ongoing. Because Secretary Blackwell issued recount regulations for 2005 based on those he issued for 2004, they argue his challenged conduct was not a one time occurrence, and that Ohio will likely use the same procedures in the future.

Plaintiffs mistakenly equate recount procedures in an off-year election, like 2005, with those in a presidential election, like 2004. The alleged violation at issue in this action was not the 2004 recount procedures themselves, but the use of those procedures in light of the federal safe harbor deadline. Allegedly, the combination of the two effectively renders the right to a recount meaningless.

In an off-year election, however, the federal safe-harbor deadline is not at issue. Thus, the use of the 2004 recount procedures in 2005 cannot create the same "Catch-22" that allegedly existed in 2004. Thus, the use of these procedures in last fall's election does not amount to an ongoing

---

[2]

In addition, plaintiffs focus on the adoption of O.R.C. § 3515.041, signed into law January 31, 2006. They contend this bill confirms their reading of the intent of the Ohio legislature to ensure a meaningful recount can be completed before the federally mandated safe harbor. That, however, has no bearing on whether defendants' alleged violations are ongoing and, consequently, on the validity of the February 7, 2006, Order.

violation and there is no reason to dislodge the February 7, 2006, Order.[3]

### Conclusion

For the foregoing reasons, it is therefore,

ORDERED THAT plaintiffs' motion to alter or amend the February 7, 2006, Order shall

be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

---

[3]

Plaintiffs also suggest the February 7, 2006, Order includes a clear error of law, but they seem only to challenge my application of relevant precedent, not the precedent itself. On a motion to reconsider, that is insufficient. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).